[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff, The International Association of Firefighters, Local 834, seeks among other things a declaratory judgment as to the eligibility of certain members of Local 834 to participate in the examination process for the position of Fire Assistant Chief Engineer. Local 834 has brought suit against members of the Bridgeport Civil Service Commission, the acting Personnel Director for the city, and twenty-nine members of Local 834 who have been found eligible by the municipal defendants to compete for the position of Fire Assistant Chief Engineer. The defendants now move to dismiss the lawsuit on the ground the court lacks jurisdiction over the subject matter.
The court disagrees with the defendants' claim.
The defendants' assert that the plaintiff lacks standing to request adjudication of the issues. "It is a basic principle of law . . . that the plaintiffs must have standing in order for a court to have jurisdiction to render a declaratory judgment." Connecticut Assoc. of Boards of Education, Inc. v. Shedd,197 Conn. 554, 558, 499 A.2d 797 (1985). "Standing focuses on whether a party is the proper party to request adjudication of the issues. . . ." Rye v. Marcus, 198 Conn. 138, 142, 502 A.2d 869
(1985). Ordinarily, standing is established when "complainant CT Page 7201 makes a colorable claim of direct injury he has suffered or is likely to suffer, in an individual or representative capacity." Maloney v. Pac, 183 Conn. 313, 320-21, 439 A.2d 349 (1981). If Local 834 has made such a claim, the motion to dismiss must be denied.
Local 834 has alleged facts sufficient to establish that it has suffered, or will suffer, injury as a result of the municipal defendants' conduct. The union has alleged that the conduct of the municipal defendants was illegal and arbitrary because: (1) they arbitrarily changed the requirements which candidates must meet in order to participate in the examination process (first count, para. 9); (2) they acted contrary to the Civil Service Provision of the Bridgeport City Charter (first count, para. 25); (3) they breached the parties' collective bargaining agreement by allowing ineligible candidates to participate in the examination process (first count, para. 26); (4) they refused to hear appeals regarding the grading of the exams (second count, paras. 30 and 31); and (5) they refused to honor a stipulated award which was entered in a prior arbitration proceeding (second count, paras. 34 and 35). Because Local 834 is the exclusive bargaining agent for employees of the Bridgeport Fire Department, the union's ability to bargain on behalf of its members may be harmed by the municipal defendants' alleged wrongful conduct. The union has sufficiently alleged that it has or will suffer injury in its organizational capacity.
Based on the foregoing, the two motions to dismiss are denied.
THIM, JUDGE